## Ormsby's Estate.

*Paul Van Reed Miller* and *Fred Taylor Pusey,* for exceptions.
*Matthew Randall* and *Clinton A. Sowers,* contra.

SINKLER, J., March 27, 1931.—The exceptions to the adjudication relate to the construction by the Auditing Judge of the paper admitted to probate as

the testatrix's last will. She thereby left to her niece the power to draw all the money she had in the Philadelphia Saving Fund at the time of her death.

The evidence produced before him is, in our opinion, admissible for the purposes set out in his adjudication. It reveals that the testatrix had authorized her niece to withdraw money from her account in the Philadelphia Saving Fund on three occasions within sixteen months of her death, and exclusively for her, the decedent's, use. Between the first and second occasions, she wrote the paper which the Auditing Judge has properly interpreted. But for two reasons we should be doubtful as to whether it had testamentary effect: First, she used the verb "leave" (the power to draw all the money I have in the Phila. Saving Fund at the time of my death); and, second, on two occasions after she had written it she executed other orders authorizing her niece to draw money from her account. Otherwise the paper would appear to be a letter of attorney which would have been revoked by her death, and which would have had no testamentary effect. The evident intention of the testatrix was to continue after her death the authority given her niece on the several occasions during her life. She doubtless contemplated the possibility of her savings being reduced to an amount no more than sufficient to settle her estate. We are of the opinion that the Auditing Judge was correct in his construction of the will, and that it has only the limited testamentary effect of enabling the niece to administer the moneys in the Philadelphia Saving Fund to settle the estate. We concur in his conclusion that it does not constitute a residuary bequest to the niece, and his finding that there is an intestacy as to the residue.

The exceptions are dismissed and the adjudication confirmed absolutely.

Gest, J., did not sit.